IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.<br>425 Third Street, SW, Suite 800<br>Washington, D.C. 20024,<br><br>         Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff

regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 7, 2011, Plaintiff submitted a FOIA request to the Office of Information Policy ("OIP") and the Office of the Solicitor General ("OSG"), two components of Defendant, by facsimile and certified mail, seeking access to the following public records:

> All calendars, schedules, phone logs, and agenda for each of the following individuals: (1) Elena Kagan; (2) Neal Katyal; (3) Edwin Kneedler; (4) Malcolm Stewart; and (5) Michael Dreeben.

The timeframe for this request was specified as being from September 1, 2009 through August 31, 2010.

6. By letter dated December 13, 2011, OIP acknowledged receipt of Plaintiff's FOIA request on December 7, 2011. The acknowledgment letter stated that Plaintiff's request had been forwarded to OSG. The letter did not state whether a determination to comply with the request had been made. Nor did the letter notify Plaintiff of any such determination, the reasons therefor, or the right to appeal any adverse determination.

7. By letter dated January 11, 2012, OSG acknowledged receipt of Plaintiff's FOIA request on December 12, 2011. In the acknowledgment letter, OSG stated that it was invoking the ten day extension of time provision of 5 U.S.C. § 552(a)(6)(B)(iii) and that it anticipated that it would respond to Plaintiff's FOIA request on or before January 26, 2012. The letter did not state whether a determination to comply with the request had been made. Nor did the letter notify

Plaintiff of any such determination, the reasons therefor, or the right to appeal any adverse determination.

8. By reason of the ten day extension of time, Defendant's response to Plaintiff's December 7, 2011 request was due within thirty working days of December 12, 2011, or by January 25, 2012 at the latest.

9. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's requests to OIP and OSG; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to

Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   February 21, 2012    Respectfully submitted,

JUDICIAL WATCH, INC.

_/s/ Paul J. Orfanedes_
Paul J. Orfanedes
D.C. Bar No. 429716

_/s/ David F. Rothstein_
David F. Rothstein
D.C. Bar No. 450035
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*